# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 18-23708-CIV-COOKE/GOODMAN

LUISA ELVIRA LAWRENCE,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

_____/

### REPORT AND RECOMMENDATIONS
### ON PLANTIFF'S PETITION FOR ATTORNEY'S FEES

Plaintiff Luisa Elvira Lawrence filed a Petition for Attorney's Fees, which was referred to the Undersigned by United States District Court Judge Marcia G. Cooke. [ECF Nos. 27; 30]. Plaintiff seeks $7,033.14 in attorney's fees for 34.3 hours and $400 in costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 27]. The Government filed a response in opposition as to the number of hours and the timeliness of the motion [ECF No. 28] and Plaintiff filed a reply [ECF No. 29].

Upon review of the petition and the record, the Undersigned finds that the requested fees are reasonable as slightly modified. Accordingly, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Plaintiff's petition and award Plaintiff **$6,581.96 ($451.18 less than the amount requested)** in

attorney's fees and $400 in costs (made payable directly to Plaintiff's counsel), contingent upon a determination by the Government that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## I. BACKGROUND

Plaintiff filed this action seeking to reverse the final decision of the Commissioner, who denied Plaintiff's claim for social security disability benefits. [ECF No. 1]. The District Court granted summary judgment for the Plaintiff, reversed the Commissioner's determination, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 26]. Plaintiff then filed the instant petition for attorney's fees under the EAJA. [ECF No. 27].

## II. DISCUSSION

### A. Entitlement to Attorney's Fees

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs [.]" 42 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff

attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. *Shalala v. Schaefer*, 509 U.S. 292, 301, 113 S. Ct. 2625, 2631 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g) "terminates the litigation with a victory for the plaintiff"); *Boronat v. Sullivan*, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment for filing a fee application under EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's entitlement to attorney's fees under the EAJA. [ECF No. 28, p. 2]. Thus, Plaintiff is entitled to receive attorney's fees under the EAJA.

Defendant notes in its response in opposition that at the time Plaintiff filed her motion for attorney's fees on March 30, 2020, a final judgment had not been entered yet and 150 days after entry of the remand order had not expired, which would be August 1, 2020. However, since that time period has now expired, it appears that Defendant's timeliness argument is mooted.

B. **Amount of Attorney's Fees**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

1. *Reasonable Hourly Rate*

The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 895-96, n.11 (1984)). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1302 (internal citation omitted).

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hours unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412 (d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

4

Here, Plaintiff's attorneys, Rogelio R. Oliver and Elizabeth C. Palacios, seek an hourly rate of $201.60 per hour for 2018, $205.25 per hour for 2019, and $205.25 per hour for 2020. Plaintiff's counsel points out that the hourly statutory cap of $125.00 should be increased due to the increase in the cost of living which has occurred since the EAJA was reenacted on March 29, 1996. The cost-of-living increase for 2018 is $201.60, $205.25 for 2019, and $205.25 for 2020.[1] Thus, the Undersigned finds the hourly rate reasonable.

2. *Reasonable Hours Expended*

Plaintiff asserts that her attorneys expended 34.3 hours total litigating her case on his behalf (including for the briefing on attorney's fees). Plaintiff's counsel provides declarations, including their timesheets documenting their time spent litigating this case. Defendant argues that the time incurred of 34.3 hours is excessive. Plaintiff's counsel argues that their records are accurate, and they expended a reasonable number of total hours in this case, considering the size of the record (965 pages).

---

[1]   The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate from the Annual Consumer Price Index ("CPI") for 2018 and 2019 and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.*; *see also* U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (last visited October 19, 2020).

Plaintiff seeks the 2019 cost-of-living increase for time incurred in 2020 because the 2020 figure was not yet available at the time Plaintiff filed her motion for attorney's fees. [ECF No. 27, p. 11, n. 2].

Specifically, Defendant argues that the Court should not award fees for the 1.1 hours counsel spent preparing the complaint and filing the complaint, cover sheet, and summons since filing documents is a clerical task. [ECF No. 28, p. 3]. Defendant argues that counsel's 1.1 hours spent preparing time sheets for the EAJA petition is excessive and should be reduced to .4 hours. *Id.* at p. 4. Next, Defendant argues that counsel's time of .2 for preparing and filing a notice of appearance should be stricken because filing is a clerical duty.

The Undersigned agrees that Plaintiff's counsel should not be awarded time for clerical tasks and thus the Undersigned recommends deducting .1 from the time entry for filing the complaint and .1 from the time entry for preparing and filing a notice of appearance. The Undersigned disagrees that 1.1 hours spent preparing the time sheets is excessive.

Finally, Defendant argues that counsel's 23.6 hours spent preparing the memorandum in support of Plaintiff's summary judgment motion is excessive here where the case involves no complex or novel issues. Thus, the Government argues that this amount should be reduced by at least three hours.

The Undersigned agrees with Defendant that the amount of time spent preparing the summary judgment motion is a little excessive in this case, where Plaintiff's counsel has not pointed to any specific reason for the additional time. Accordingly, the

Undersigned recommends that two hours be deducted from the time spent preparing the summary judgment briefing.

Accordingly, the Undersigned finds the time expended by Plaintiff's attorneys of **32.1 hours** to be reasonable.

### III. CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Plaintiff's motion for attorney's fees and award Plaintiff **$6,581.96 ($451.18[2] less than the amount requested)** in attorney's fees and $400 for costs (made payable directly to Plaintiff's counsel), contingent upon a determination by the Government that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

### IV. OBJECTIONS

The parties will have 14 days from the date of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds

---

[2] This amount reflects a deduction of 2.1 hours incurred in 2019 ($431.02) and .1 hours incurred in 2018 ($20.16).

of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October 21, 2020.

      Jonathan Goodman
      UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record